Mario Pittoni, J.
The plaintiff moves for an order pursuant to rules 112 and 113 of the Buies of Civil Practice for judgment on the pleadings, and for summary judgment; and the defendant in turn moves for an order pursuant to rule 113 for summary judgment dismissing the complaint.
*483 The plaintiff claims that on November 1, 1958 he entered into a soliciting agent’s contract with the defendant and that he is entitled to commissions thereunder on applications obtained by him during- the contract period. He also claims that the contract period “ for all purposes ” was from February 16, 1958, that is, nine months before the soliciting agent’s contract was made, to February 29,1959.
The defendant has interposed general denials and an affirmative defense. Among other things it says that on February 16, 1958 the plaintiff entered into an apprentice agent’s contract with the defendant, that on October 31, 1958 the parties exchanged this for a soliciting agent’s contract, and that since February 16, 1958 the defendant has paid the plaintiff all that he was entitled to under the apprentice and soliciting agent’s contract.
The plaintiff contends that the soliciting agent’s agreement superseded the apprentice agent’s agreement and that therefore, for applications obtained before October 31, 1958, he is entitled to commissions as a soliciting agent.
The plaintiff’s motion for judgment on the pleadings under rule 112 is denied. The answer puts in issue material allegations of the complaint, e.g., that the period of the soliciting agent’s contract ‘ ‘ for all purposes ” was February 17,1958 to February 29,1959, and also, that as of April 15,1959, there was due under such contract the sum of $3,835.27. Furthermore, the answer contains an affirmative defense of full payment of all compensation due from February 16, 1958. Therefore, on the face of the pleadings there are issues of fact.
The plaintiff’s motion for summary judgment under rule 113 is also denied. There is no issue of fact. The only issue is as to the meaning of the language of the contract.
The plaintiff, having received commissions on applications obtained while the apprentice contract was in force, claims that the soliciting agent’s contract is retroactive and entitles him to additional commissions. He bases this on language which states ‘ ‘ first contract year for all purposes from February 16, 1958 to February 28,1959 ’ ’; but the printed paragraphs to the right clearly indicate that reading the contract as a whole the intention was not as broad as might be indicated by reading this detached part, e.g., the fourth paragraph clearly states that no renewal commissions shall ever become payable on business procured during the period of the apprentice agent’s agreement. This clearly indicates that the statement, “ for all purposes” was intended to be qualified, and being a more detailed and specific statement is a stronger indication of intent than that gathered *484 from the marginal note; in fact, the second, third, fourth and fifth paragraphs all indicate a limited retroactive effect. This construction is stronger in the light of the probability that a retroactive agreement to pay higher commissions than those determined upon by agreement before the applications were obtained would be illegal under subdivision 6 of section 213 of the Insurance Law. (See, also, Metropolitan Life Ins. Co. v. Durkin, 195 Misc. 1040,1048.)
The plaintiff makes no claim for commissions due under the soliciting agent’s contract after its execution in November, 1958. His sole claim is for retroactive commissions back to February 16, 1958, and he gives the defendant credit for payments made in accordance with the rates under the apprentice agent’s contract.
Since as a matter of law the soliciting agent’s contract has no retroactive effect in respect to the payment of additional commissions on applications procured before the termination of the apprentice agent’s agreement, the defendant is entitled to summary judgment dismissing the complaint. Therefore, the plaintiff’s motion for judgment on the pleadings and for summary judgment is denied; and the defendant’s motion for summary judgment is granted.
Order signed.